¶ 1. The Chancery Court of Forrest County affirmed the decision of the Board of Trustees ("the Board") for the Petal, Mississippi School District ("the District") not to renew the contract of Raymond Smith, a health and physical education teacher who recently worked as an assistant football coach. Aggrieved by the Board's decision and the chancellor's affirmance thereof, Smith appeals. Finding no error, we affirm.
 FACTS ¶ 2. Smith was employed as a teacher and assistant football coach at Petal High School for the 2004-2005 school year. His coaching duties spanned the entire year, including the summer months. On November 29, 2004, the District's superintendent forwarded to Smith a letter notifying him that his employment contract for the 2005-2006 school year would not be renewed. Smith timely requested a hearing explaining the reasons and factual basis and support for the non-renewal. The District responded with the reasons and factual basis on December 16, 2004, and a hearing was held before a hearing officer on January 5, 2005. The hearing officer wrote a report, which he then submitted to the District, along with the record of the proceedings. At a Board meeting on February 8, 2005, the Board unanimously voted to uphold the administration's non-renewal of Smith's contract.
 ¶ 3. On February 28, 2005, Smith filed a timely notice of appeal, accompanied by the statutory bond, with the Chancery Court of Forrest County. Smith filed a motion to expand the record on May 16, 2005, and requested oral argument. On June 20, 2005, the chancellor issued an opinion affirming, without oral argument, the Board's decision. The only reason provided by the Board for the non-renewal which the chancellor found to be supported by the record was Smith's intentional failure to attend eight out of the twenty-four summer football workouts. The chancellor stated that this was a sufficient basis for the non-renewal. The chancellor additionally denied Smith's motion to expand the record.
 ¶ 4. Aggrieved, Smith timely appeals, asserting that: (1) the action of the Board was arbitrary and capricious because the coaching rider which the District used to non-renew Smith's contract by its own terms did not apply to a non-renewal, but only to resignations and terminations; (2) even if the rider did apply to non-renewals, it was void as violative of Mississippi Code Annotated section 37-9-23, and further, the chancellor abused his discretion by failing to permit the record to be expanded to include the forms of teacher contracts approved by the State Board of Education, and by taking judicial notice of the approved forms which appear on the official government website; (3) the rider was not enforceable because it required Smith to work for no pay and was thus without consideration, and because it was violative of due process, equal protection, and the Fair Labor Standards Act; (4) Mississippi Code Annotated section 37-9-111(5) is unconstitutional as applied in violation of the due process clause of the Fourteenth Amendment; and (5) the action of the Board in not renewing the contract was arbitrary and capricious because it was unsupported by substantial evidence as required by Mississippi Code Annotated section 37-9-113.
 STANDARD OF REVIEW ¶ 5. Under Mississippi Code Annotated section 37-9-113(1)(2) (Rev. 2001), an employee *Page 275 
aggrieved by a final decision of a school board may appeal to a chancery court. The chancery court's review is limited to a review of the record made before the school board or hearing officer to determine if the school board's action was unlawful for the reason that it was: (a) not supported by substantial evidence; (b) arbitrary or capricious; or (c) in violation of some statutory or constitutional right of the employee. Miss. Code Ann. § 37-9-113(3) (Rev. 2001). Upon appeal to this Court, we apply the same standard of review as that applied by the chancery court. Harris v. Canton SeparatePub. Sch. Bd. of Educ., 655 So.2d 898, 901 (Miss. 1995) (citing Spradlin v. Board of Trustees, 515 So.2d 893,898 (Miss. 1987)).
 ISSUES AND ANALYSIS I. Whether the rider is void as violative of Mississippi Code Annotated section 37-9-23.
 ¶ 6. Smith argues that the rider was void because it violated Mississippi Code Annotated section 37-9-23 (2006), which states in relevant part:
 The superintendent shall enter into a contract with each . . . licensed employee . . . who is elected and approved for employment by the school board. Such contracts shall be in such form as shall be prescribed by the State Board of Education. . . . The contract shall show the name of the district, the length of the school term, the position held . . ., the scholastic years which it covers, the total amount of the annual salary and how same is payable.
Smith argues that, because the rider was not officially approved by the Mississippi Board of Education, it is void. We disagree. The primary contract was, indeed, a form approved by the Board of Education. The plain language of the statute does not prohibit superintendents or school boards from including riders or attachments in employment contracts. While there is no law directly concerning this point in Mississippi, we findSims v. Board of Trustees, 414 So.2d 431 (Miss. 1982), to be supportive of this view. In Sims, our supreme court held that a teacher's refusal to sign an attachment to a proposed employment contract was, in and of itself, sufficient reason to discharge the teacher. Id. at 435. The attachment, which had been approved only by the school board, contained excerpts from a new policy manual which had recently been adopted by the school board. Id.
 ¶ 7. "It is a general rule in construing statutes that this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view of enacting the law." Kelly v. Int'l Games Tech.,874 So.2d 977, 979 (¶ 7) (Miss. 2004) (quoting Secretaryof State v. Wiesenberg, 633 So.2d 983, 990 (Miss. 1994)). Smith's proposed reading of section 37-9-23 would unduly burden school boards by forcing them to receive approval from the Board of Education for every minor attachment or rider to a standard employment contract for every teacher they hired. Such an interpretation obviously reads more into the statute than the legislature intended. The rider is therefore valid, and the chancellor did not err in finding that Smith failed to perform his duties by neglecting to attend eight of the twenty-four summer football workouts.
 ¶ 8. Smith mentions in a footnote in this section of his argument that the chancellor abused his discretion by denying his motion to expand the record. However, we find none of the authority cited in that footnote to support his proposition. We consequently affirm the chancellor's decision *Page 276 
as to the denial of Smith's motion to expand the record.
 II. Whether the rider is not enforceable because it required Smith to work for no pay and was thus without consideration, or because it was violative of due process, equal protection, and the Fair Labor Standards Act.
 ¶ 9. Smith argues that the rider is not enforceable because it extended the time period named in his primary contract by two months, but provided no additional monetary compensation. He argues that the imposition of additional duties without compensation violates the Fair Labor Standards Act ("FLSA"). This argument holds no merit, as Title 29 of the Code of Federal Regulations section 541.303(b) clearly exempts from the FLSA teachers in general and, more specifically, those with coaching duties.
 ¶ 10. Smith further contends that the rider imposed additional duties without additional consideration. Smith admitted that in all his years of coaching he had been involved in summer workouts. He freely signed the rider with this knowledge. The two additional months listed in the rider were not additional duties entitling him to increased compensation; they were merely part of his usual coaching duties. This argument is without merit.
 ¶ 11. Because the above arguments fail, Smith's arguments concerning his Fourteenth Amendment due process rights and equal protection rights are without merit as well.
 III. Whether Mississippi Code Annotated section 37-9-111(5) is unconstitutional as applied in violation of the due process clause of the Fourteenth Amendment.
 ¶ 12. Mississippi Code Annotated section 37-9-109(b) (Rev. 2001) gives a non-renewed employee the right to a fair and impartial hearing. Mississippi Code Annotated section 37-9-111(5) (Rev. 2001) states, in relevant part:
 The board shall review the matters presented before it, or, if the hearing is conducted by a hearing officer, the report of the hearing officer, if any, the record of the proceedings and, based solely thereon, conclude whether the proposed nonreemployment is a proper employment decision, is based upon a valid educational reason or noncompliance with school district personnel policies and is based solely upon the evidence presented at the hearing.
 ¶ 13. Smith asserts that Mississippi Code Annotated section 37-9-111(5) (Rev., 2001) is unconstitutional as applied in his case. He asserts that the hearing officer's report contained only selective citations to testimony, as well as ill-founded legal conclusions. He further asserts that the hearing officer made an "advocate's argument" before the Board.[1] According to Smith, the hearing officer, in his report, became what basically amounts to an expert witness. Smith contends that, because of the hearing officer assuming such a role, he should have been able to get his own expert witness to rebut the report so that the Board could have the benefit of cross-examination. Thus, Smith argues *Page 277 
that his right to Fourteenth Amendment due process was violated.
 ¶ 14. Smith's assertions as to this issue, though creative, are simply untenable. We find this issue to be completely without merit.
 IV. Whether the action of the Board was arbitrary and capricious.
 ¶ 15. Smith contends that the Board's decision was arbitrary and capricious for two reasons: (a) because the violation of the coaching rider used to decline renewal of Smith's contract by its own terms did not apply to non-renewal, but only to resignations and termination; and (b) because it was unsupported by substantial evidence. As these are actually two separate grounds for reversing a school board's decision, we will address them separately.
(a) Arbitrary and capricious
 ¶ 16. "An act is arbitrary when it is not done according to reason or judgment, but depending on the will alone."Burks v. Amite County Sch. Dist, 708 So.2d 1366,1370 (¶ 14) (Miss. 1998) (citing McGowan v. MississippiState Oil Gas Bd., 604 So.2d 312, 322 (Miss. 1992)). An act is capricious when "done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." Id.
 ¶ 17. Smith first argues that the rider, by its own terms, applied only to termination or resignation, but not to non-renewal. Smith argues that the state-approved contract called for him to teach 194 days between August 3, 2004, and May 23, 2005, whereas the rider extended the dates of the term of employment to encompass the period beginning July 1, 2004, and ending June 30, 2005. He then points to the portion of the rider which states:
 If the employee herewith contracts both to teach and to coach an athletic sport, any resignation/termination he/she may subsequently submit for his/her coaching assignment shall automatically constitute a bona fide resignation for his/her teaching assignment as well, unless a mutual agreement is made between the administration and the person involved.
Because of this section, Smith argues that the rider only applies to those situations where an employee submits a resignation or is involuntarily terminated. Thus, he argues, the rider does not apply to his case. Smith argues that, consequently, the chancellor was in error in finding the rider enforceable, which he "impliedly did" in order to find Smith's failure to attend certain summer workouts as a proper basis for non-renewal.
 ¶ 18. We disagree. Both the employment contract and rider refer to the single position of "teacher/coach." Because the language unambiguously refers to a single position, we cannot say that the chancellor erred by finding Smith's failure to attend eight out of the twenty-four practices to be a sufficient basis for non-renewal. We cannot say that the decision "was not done according to reason or judgment, but depending on the will alone." Nor can we say that the decision was made "without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." Accordingly, this issue is without merit.
(b) Supported by substantial evidence
 ¶ 19. Smith argues that the Board's decision in non-renewing his contract was not supported by substantial evidence of a non-hearsay nature. It is undisputed that Smith defiantly chose not to attend eight of the twenty-four summer workouts because he felt he was not being compensated for them. This alone is sufficient to *Page 278 
constitute substantial evidence in support of the decision. Accordingly, this issue is without merit.
 ¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF FORRESTCOUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOTHE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ. CONCUR.
[1] Smith asserts the following as evidencing the hearing officer's bias: throughout the report, the hearing officer uses the term "testify" when referring to administration witnesses, while using words such as "claims" and "admits" when referring to testimony from Smith; the hearing officer failed to articulate Smith's concern that the rider did not apply to non-renewal; the hearing officer's report failed to address Smith's working without pay; the hearing officer otherwise failed to analyze certain testimony from a legal perspective.